UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED
OCT 07 2014
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

MARTINNEZE MOORE,

        Petitioner,

v.

CATHERINE BAUMAN,

        Respondent.
_____/

Case No. 14-13657

HON. AVERN COHN

### ORDER TRANSFERRING SECOND OR SUCCESSIVE PETITION TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT

**I.**

This is a case under 28 U.S.C. § 2254. Petitioner, Martinneze Moore, presently serving a term of 20-to-50 years' imprisonment in a Michigan correctional facility, has filed a petition for a writ of habeas corpus challenging his Ingham Circuit Court conviction for second-degree murder. Because Petitioner filed a prior habeas petition challenging his conviction, his pending petition will be transferred to the court of appeals as a second or successive petition as required by Sims v. Terbush, 111 F.3d 45, 47 (6th Cir. 1997).

**II.**

In 2010, Petitioner filed his first petition for writ of habeas corpus in the Western District. Moore v. Howes, Case No. 10-473. On August 27, 2010, the district court dismissed the petition as barred by the statute of limitations.

Petitioner has now filed a second habeas petition, claiming that the state court failed to reissue its Judgment of Sentence to allow him a new appeal.

III.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. Felker v. Turpin, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. See 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); Sims, supra (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

This is Petitioner's second petition for habeas relief. Petitioner cannot proceed with his new claim, therefore, without first acquiring permission to file a second or successive habeas petition from the court of appeals.

IV.

For the reasons stated above, the Clerk of the Court shall TRANSFER this case to the Court of Appeals for the Sixth Circuit.

SO ORDERED.

_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 10/7/14
Detroit, Michigan